UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dallas Buyers Club, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>Doe-75.81.191.27,<br><br>                              Defendant. | Case No.:  15cv01845-BEN (MDD)<br><br>**ORDER GRANTING MOTION FOR EARLY DISCOVERY**<br><br>**[ECF NO. 6]** |

On August 31, 2015, Plaintiff Dallas Buyers Club, LLC filed a Supplemental *Ex Parte* Motion for Expedited Discovery.[1] (ECF No. 6). No Defendant has been named or served. For the reasons discussed below, Plaintiff's Motion is **GRANTED**.

**I.  PROCEDURAL HISTORY**

On August 19, 2015, Plaintiff filed a Complaint against Doe, allegedly a subscriber of Time Warner Cable assigned IP address 75.81.191.27

---

[1]  Plaintiff earlier filed an *Ex Parte* Motion for Discovery identifying the incorrect Internet Service Provider. (ECF No. 5). That motion was withdrawn. (ECF No. 7). The Supplemental Motion filed on August 31, 2015, is the operative motion at this time.

1

("Defendant"). (ECF No. 1.) Plaintiff alleges a single cause of action for direct copyright infringement. Plaintiff asserts that it is the registered copyright holder of the motion picture *Dallas Buyers Club*. (*See* ECF No. 1 at ¶¶ 4, 6.) Plaintiff contends Defendant used the BitTorrent file distribution network to copy and distribute Plaintiff's copyrighted work through the Internet without Plaintiff's permission. (ECF No. 1 at ¶ 35.)

Plaintiff seeks leave to conduct early discovery to learn the identity of the subscriber of the subject Internet Protocol ("IP") address from the Internet Service Provider ("ISP") who leased that IP address to its subscriber during the relevant period. Specifically, Plaintiff seeks an order permitting it to serve a third party subpoena, pursuant to Fed. R. Civ. P. 45, on Time Warner Cable requiring the ISP to supply the name and address of its subscriber to Plaintiff.

## II. LEGAL STANDARDS

Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Requests for early or expedited discovery are granted upon a showing by the moving party of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

1  "The Ninth Circuit has held that when the defendants' identities are
2  unknown at the time the complaint is filed, courts may grant plaintiffs
3  leave to take early discovery to determine the defendants' identities 'unless
4  it is clear that discovery would not uncover the identities, or that the
5  complaint would be dismissed on other grounds.'" *808 Holdings, LLC v.*
6  *Collective of December 29, 2011 Sharing Hash*, No. 12-cv-0186 MMA (RBB),
7  2012 WL 1648838, *3 (S.D. Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at
8  642).  "A district court's decision to grant discovery to determine
9  jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at
10 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430
11 n.24 (9th Cir. 1977)).

12      District courts apply a three-factor test when considering motions for
13 early discovery to identify Doe defendants. *Id.* at 578-80.  First, "the
14 plaintiff should identify the missing party with sufficient specificity such
15 that the Court can determine that defendant is a real person or entity who
16 could be sued in federal court." *Id.* at 578.  Second, the plaintiff "should
17 identify all previous steps taken to locate the elusive defendant" to ensure
18 that the plaintiff has made a good faith effort to identify and serve process
19 on the defendant. *Id.* at 579.  Third, the "plaintiff should establish to the
20 Court's satisfaction that plaintiff's suit against defendant could withstand a
21 motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642).  Further "the
22 plaintiff should file a request for discovery with the Court, along with a
23 statement of reasons justifying the specific discovery requested as well as
24 identification of a limited number of persons or entities on whom discovery
25 process might be served and for which there is a reasonable likelihood that
26

1 the discovery process will lead to identifying information about defendant
2 that would make service of process possible." *Id.* at 580.

3 **III. ANALYSIS**

4 **A.** <u>**Identification of Missing Party with Sufficient Specificity**</u>

5 First, Plaintiff must identify Defendant with enough specificity to
6 enable the Court to determine that Defendant is a real person or entity who
7 would be subject to the jurisdiction of this Court. *Columbia Ins.*, 185 F.R.D.
8 at 578. This Court has previously determined that "a plaintiff identifies
9 Doe defendants with sufficient specificity by providing the unique IP
10 addresses assigned to an individual defendant on the day of the allegedly
11 infringing conduct, and by using 'geolocation technology' to trace the IP
12 addresses to a physical point of origin." *808 Holdings*, 2012 WL 1648838, at
13 *4 (quoting *OpenMind Solutions, Inc. v. Does 1-39*, No. C-11-3311 MEJ,
14 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does
15 1-46*, No. C-11-02263 HRL, 2011 WL 2470986 (N.D. Cal. June 21, 2011)).

16 Here, with the Complaint, Plaintiff filed a chart reflecting that the
17 user of the subject IP address engaged in allegedly infringing activity from
18 June 14 through 23, 2015; identified the ISP as Time Warner Cable; and
19 located the IP address in Imperial and El Centro, California, both within
20 the Southern District of California. (ECF No. 1-2). Consequently, Plaintiff
21 has identified the Defendant, at this point, with sufficient specificity. *See*
22 *OpenMind Solutions*, 2011 WL 4715200, at *2 (concluding that plaintiff
23 satisfied the first factor by identifying the defendants' IP addresses and by
24 tracing the IP addresses to a point of origin within the State of California);
25 *Pink Lotus Entm't*, 2011 WL 2470986, at *3 (same). In addition, Plaintiff
26

has presented evidence that the identified IP address is physically located in this district. (*See* ECF No. 1-2.)

**B.      Previous Attempts to Locate Defendant**

Next, Plaintiff must describe all prior steps it has taken to identify the defendant in a good faith effort to locate and serve him or her. *See Columbia Ins.*, 185 F.R.D. at 579. Plaintiff states it has been able to identify the ISP used by the alleged infringer, where he or she is generally located, and the software used to commit the alleged acts of infringement. (ECF No. 5-1 at 4.) Plaintiff maintains that there are no other practical measures available to determine the actual identity of Defendant. Thus, Plaintiff appears to have obtained and investigated the available data pertaining to the alleged infringement in a good faith effort to locate Defendant. *See OpenMind Solutions*, 2011 WL 4715200, at *3; *MCGIP, LLC v. Does 1-149*, 2011 WL 3607666, *2 (N.D. Cal. Aug. 3, 2011); *Pink Lotus Entm't*, 2011 WL 2470986, at *3.

**C.      Ability to Withstand a Motion to Dismiss**

"Finally, to be entitled to early discovery, [Plaintiff] must demonstrate that its Complaint can withstand a motion to dismiss." *808 Holdings*, 2012 WL 1648838 at *5 (citing *Columbia Ins.*, 185 F.R.D. at 579).

**1.      Ability to State a Claim Upon Which Relief Can Be Granted**

In order to establish copyright infringement, a plaintiff must show: (1) ownership of a valid copyright, and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); 17 U.S.C. § 501(a). Here,

1  Plaintiff alleges it owns the registered copyright of the work that Defendant
2  allegedly copied and distributed using the BitTorrent file distribution
3  network.  (ECF No. 1 at ¶¶ 4, 6.)  Plaintiff also alleges it did not permit or
4  consent to Defendant's copying or distribution of its work.  (*Id.* at ¶ 35.)   It
5  appears Plaintiff has stated a prima facie claim for copyright infringement
6  that can withstand a motion to dismiss.

7          **2.**     **Personal Jurisdiction**

8       Plaintiff bears the burden of establishing jurisdictional facts.  *See*
9  *Columbia Ins. Co.*, 185 F.R.D. at 578.  Plaintiff's motion does not discuss
10 whether this Court has personal jurisdiction over Defendant.  However,
11 Plaintiff's Complaint claims that Defendant is located in this judicial
12 district.  (*See* ECF No. 1-2).  The Complaint also alleges that Defendant's
13 acts of copyright infringement occurred using an IP address traced to a
14 physical location in this district, and that Defendant is believed to reside in
15 California.  (ECF No. 1. at ¶ 3, 14.)

16      Therefore, at this early juncture, it appears Plaintiff has alleged
17 sufficient facts to show it can likely withstand a motion to dismiss for lack
18 of personal jurisdiction because Defendant's IP address was traced to a
19 location in this district.  *See 808 Holdings*, 2012 WL 1648838  at *6-7.

20         **2.**     **Venue**

21     "The venue of suits for infringement of copyright is not determined by
22 the general provision governing suits in the federal district courts, rather by
23 the venue provision of the Copyright Act."  *Goldberg v. Cameron*, 482 F.
24 Supp. 2d 1136, 1143 (N.D. Cal. 2007) (citing 28 U.S.C. § 1400(a); *Lumiere v.*
25 *Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923)).  "In copyright

26

1  infringement actions, venue is proper 'in the district in which the defendant
2  or his agent resides or may be found.'" *Brayton Purcell LLP v. Recordon &*
3  *Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting 28 U.S.C. § 1400(a)).
4  "The Ninth Circuit interprets this statutory provision to allow venue 'in any
5  judicial district in which the defendant would be amendable to personal
6  jurisdiction if the district were a separate state.'" *Id.*
7    Plaintiff does not address venue in its motion.  In the Complaint,
8  however, Plaintiff alleges venue is proper because although Defendant's
9  true identity is unknown, Defendant is believed to reside (and therefore can
10 be found in this district), and a substantial part of the infringing acts
11 complained of occurred in this district.  (ECF No. 1 at ¶ 3, 13.)  Defendant
12 appears to have an IP address in this district.  Accordingly, Plaintiff's
13 Complaint can likely survive a motion to dismiss.
14 **D.** **<u>Specific Discovery Request</u>**
15   Plaintiff has not provided a proposed subpoena.  Plaintiff stated,
16 however, that it will seek to obtain only the name and address of the
17 subscriber associated with the IP address from Time Warner Cable.
18   The Court finds Plaintiff has shown good cause to subpoena records
19 from Time Warner Cable identifying the subscriber assigned to the subject
20 IP address.  The subpoena to Time Warner Cable must be limited to
21 documents identifying the subscriber's name and address during the
22 relevant period.  That information should be sufficient for Plaintiff to be
23 able to identify and serve Defendant.  If Plaintiff is unable to identify and
24 serve Defendant after receiving a response to the subpoena, Plaintiff may
25 seek leave from the Court to pursue additional discovery.
26

**E.    Cable Privacy Act**

Finally, the Court must consider the requirements of the Cable Privacy Act, 47 U.S.C. § 551.  The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber.  47 U.S.C. § 551(c)(1).  A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order.  47 U.S.C. § 551(c)(2)(B).  The ISP that Plaintiff intends to subpoena in this case is a cable operator within the meaning of the Act.

**IV. CONCLUSION**

For the reasons set forth above, Plaintiff's *Ex Parte* Motion for Expedited Discovery is **GRANTED**, as follows:

1.    Plaintiff may serve a subpoena, pursuant to and compliant with the procedures of Fed. R. Civ. P. 45, on Time Warner Cable seeking only the name and address of the subscriber assigned to the subject IP address for the relevant time period.

2.    The subpoena must provide at least forty-five (45) calendar days from service to production.  Time Warner Cable may seek to quash or modify the subpoena as provided at Rule 45(d)(3).

3.    Time Warner Cable shall notify its subscriber, no later than fourteen (14) calendar days after service of the subpoena, that his or her identity has been subpoenaed by Plaintiff.   The subscriber whose identity has been subpoenaed shall then have thirty (30) calendar days from the date of the notice to seek a protective order, to move to quash or modify the subpoena or file any other responsive pleading.

1  4.  Plaintiff shall serve a copy of this Order with the subpoena upon
2 Time Warner Cable. Time Warner Cable, in turn, must provide a copy of
3 this Order along with the required notice to the subscriber whose identity is
4 sought pursuant to this Order.
5  5.  No other discovery is authorized at this time.
6  **IT IS SO ORDERED.**
7 Dated:  **September 2, 2015**

Hon. Mitchell D. Dembin
United States Magistrate Judge